**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACK DIAMOND COMMERCIAL FINANCE, LLC,<br><br>                      Plaintiff,<br><br>                      v.<br><br>VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC,<br><br>                      Defendants. | NOT FOR PUBLICATION<br><br>Adv. Proc. No.15-01409 (MG) |
| VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC,<br><br>                      Counterclaim-Plaintiffs,<br><br>                      v.<br><br>BLACK DIAMOND COMMERCIAL FINANCE, LLC,<br><br>                      Counterclaim-Defendant. |  |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO TRANSFER ADVERSARY PROCEEDING TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND DENYING MOTION TO REMAND ACTION TO STATE COURT WITHOUT PREJUDICE**

*APPEARANCES:*

COVINGTON & BURLING LLP
*Attorneys for Black Diamond Commercial Finance, LLC*
The New York Times Building
620 Eighth Avenue
New York, New York 10018
By:   Dianne Coffino, Esq.
       C. William Phillips, Esq.
       David Z. Pinsky, Esq.

PILLSBURY WINTHROP SHAW PITTMAN LLP
*Attorneys for Defendants Virginia Conservation Legacy Fund, Inc. and ERP Compliant Fuels, LLC*
1540 Broadway
New York, New York 10036
By: William M. Sullivan, Jr., Esq.
Andrew M. Troop, Esq.
Patrick J. Potter, Esq.
Joshua I. Schlenger, Esq.



**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Two motions are currently pending before this Court. The two defendants have moved to transfer this adversary proceeding to the United States Bankruptcy Court for the Eastern District of Virginia ("Virginia Bankruptcy Court") pursuant to 28 U.S.C. § 1412. ("Transfer Motion," ECF Doc. # 2.) The plaintiff has moved to remand this adversary proceeding to the New York State Supreme Court in Manhattan, where it was originally filed and was then removed to the United States District Court for the Southern District of New York, which referred the case to this Court. ("Remand Motion," ECF Doc. # 8.)

Each of the parties opposes the other party's motion. The defendants argue that the Virginia Bankruptcy Court has subject matter jurisdiction over this adversary proceeding because it "arises in" or is "related to" the Patriot Coal chapter 11 case, which remains pending in the Virginia Bankruptcy Court. *See In re Patriot Coal Corp., et al.,* Case No. 15-32450 (KLP) (Bankr. E.D. Va.) (the "Patriot Coal Case"). Defendants argue that the Virginia Bankruptcy Court is the appropriate court to resolve the case. Plaintiff argues that the bankruptcy courts (either in New York or Virginia) lack subject matter jurisdiction and, therefore, this action between two non-debtor parties should be remanded to state court. The parties filed voluminous papers in support of or in opposition to the pending motions. The Court has read and considered all of the papers. In addition, the Court heard argument on the motions on April 21, 2016.

For the reasons explained below, the Transfer Motion is **GRANTED**. The Remand Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

The adversary proceeding involves state law breach of contract claims between two non-debtor parties in the Patriot Coal Case. Each side accuses the other of breaching a commitment letter (the "Commitment Letter") for Black Diamond Commercial Finance, LLC ("Black Diamond") to provide Virginia Conservation Legacy Fund, Inc. ("VCLF") with $25 million financing for VCLF's purchase of some of Patriot Coal's assets as part of its then proposed chapter 11 liquidation plan (the "Plan"). The Plan was confirmed by the Virginia Bankruptcy Court, and provided for a sale of all of Patriot Coal's assets, a portion of which were sold to VCLF. VCLF contends that Black Diamond reneged on its commitment to provide the financing on the agreed terms. Black Diamond contends that VCLF breached the Commitment Letter and refused to proceed with the agreed financing.

What is clear is that the confirmation order for the Plan approved and incorporated the Commitment Letter into the Plan; it was an important part of the Plan for the sale of assets to VCLF, even though an alternate source of financing was identified. The asset sale to VCLF closed, but without the financing from Black Diamond. Where the fault rests for this turn of events may have to be decided by some court—the question is which court—Virginia Bankruptcy Court, this Court, or the New York Supreme Court? VCLF contends that under the Plan, other parties in the Patriot Coal Case may have a right to additional Plan distributions, payable by VCLF (or possibly by Black Diamond, if VCLF prevails on its counterclaim) resulting from the failure of VCLF to close the asset purchase with the Black Diamond

financing. Black Diamond appeared in the Virginia Bankruptcy Court in connection with the VCLF Transaction and, more broadly, for other purposes as well.

The confirmed Plan contains a broad retention of jurisdiction provision. The Virginia Bankruptcy Court retains jurisdiction to "resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan, . . . the VCLF Transaction Documents, or any actions or courses of dealing related thereto that occurred on or prior to the Effective Date . . . ." (Plan, art. XI ¶ 9.) The Plan defines the VCLF Transaction Documents as the "VCLF APA and each document contemplated by the VCLF APA or entered into in connection with the VCLF Transaction." (Plan, art. 1 § A ¶ 257.) Therefore, the Court concludes that disputes over whether the Commitment Letter was breached, and, if so, by whom, and with what consequences, fall within the retention of jurisdiction clause.

But since this is an action exclusively between non-debtors, the retention of jurisdiction clause alone is not sufficient to vest the bankruptcy court with subject matter jurisdiction, but it satisfies one of the requirements. The parties dispute whether any bankruptcy court (this Court or the Virginia Bankruptcy Court) has subject matter jurisdiction over the adversary proceeding. They also dispute whether the Court must resolve the subject matter jurisdiction issue and conclude that jurisdiction exists before reaching the Transfer Motion. Because the Court concludes below that subject matter jurisdiction exists over this adversary proceeding, it is unnecessary to decide whether the Court could decide the Transfer Motion without first concluding that subject matter jurisdiction exists.

## II. DISCUSSION

### A. The Court Has Subject Matter Jurisdiction

If the Court has subject matter jurisdiction, it can decide whether to transfer the adversary proceeding. If the adversary proceeding is transferred, the Virginia Bankruptcy Court can then decide whether to abstain and remand the case to state court. *See Tallo v. Gianopoulos*, 321 B.R. 23, 28 (E.D.N.Y. 2005) ("[A] court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand.").

VCLF contends that the bankruptcy court has either "arising in" or "related to" subject matter jurisdiction. Section 1334(b) provides that a district court (and hence the bankruptcy court by referral under 28 U.S.C. § 157(a)) has jurisdiction over proceedings arising under title 11, proceedings arising in a case under title 11, and proceedings related to a case under title 11. 28 U.S.C. § 1334(b).

Adversary proceedings "arise in" a title 11 case if they "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 674 (S.D.N.Y. 2011) (citing *Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010)); *see also In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) (stating that "arising under title 11" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11," while "arising in proceedings" are "administrative matters that arise *only* in bankruptcy cases"). The argument for "arising in" jurisdiction over this adversary proceeding is based on the fact that VCLF's asset acquisition from Patriot Coal, financed by Black Diamond, was an integral part of the Plan, with possible additional creditor distributions because the asset acquisition did not close with financing from

5

Black Diamond. It does not matter that the causes of action asserted in the adversary complaint involve exclusively state law created claims. *Baker*, 613 F.3d at 350 (concluding that "arising in" subject matter jurisdiction exists over state law claims that are "an extension of the proceedings already before the bankruptcy court").

"Related to" jurisdiction is a broad grant of federal jurisdiction. *See City of Ann Arbor Emps. Ret. Sys. v. Citigroup Mortg. Loan Tr. Inc.*, 572 F. Supp. 2d 314, 317 (E.D.N.Y. 2008) ("The scope of 'related to' bankruptcy jurisdiction has been broadly interpreted by the Second Circuit."); *Bond St. Assocs., Ltd. v. Ames Dep't Stores, Inc.*, 174 B.R. 28, 32–33 (S.D.N.Y. 1994) ("The legislative history makes it clear that section 1334(b), taken as a whole, constitutes an extraordinarily broad grant of jurisdiction to the Article III District Court.").

Before confirmation of a chapter 11 plan, "related to" bankruptcy jurisdiction exists in any civil action where the outcome "might have any 'conceivable effect' on [a bankruptcy] estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). To have a "conceivable effect" on a bankruptcy estate, "certainty, or even likelihood, is not required." *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 Civ. 4634 (GEL), 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 322 (S.D.N.Y. 2003). Generally, before a plan is confirmed, "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *Cuyahoga Equip.*, 980 F.2d at 114 (internal quotation marks omitted)); *WorldCom*, 293 B.R. at 317 (stating that an action has a "conceivable effect" if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.") (quoting *Celotex Corp. v.*

6

*Edwards*, 514 U.S. 300, 308 n.6 (1995)); *see also In re Wood*, 825 F.2d at 94 (stating that even where suit "may ultimately have no effect on the bankruptcy," jurisdiction is established where a court "cannot conclude, on the facts before [it], that it will have no conceivable effect").

Case law is divided whether, after confirmation of a chapter 11 plan, the "conceivable effect" test or the "close nexus" test applies. The answer may depend on whether the plan provides for the debtor to be reorganized or liquidated. Where the debtor has been reorganized, the "close nexus" test applies. *See ACE Am. Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 448 F. App'x 134, 137 (2d Cir. 2011); *Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Courtyard)*, 729 F.3d 1279, 1289 (9th Cir. 2013) ("[A] close nexus exists between a post-confirmation matter and a closed bankruptcy proceeding sufficient to support jurisdiction when the matter 'affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan.'" (citing *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005)). That test has two requirements: "First the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and second, the plan must provide for the retention of jurisdiction over the dispute." *Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 597 (S.D.N.Y. 2009) (quoting *Krys v. Sugrue*, No. 08 Civ. 7416 (GEL), 2008 WL 4700920, at *5–6 (S.D.N.Y. Oct. 23, 2008)). The "close nexus" test applies post-confirmation in reorganization cases because "it is assumed the reorganized debtor is becoming self-sufficient, and no longer needs umbrella protection from the bankruptcy court. Additionally, there is no estate, as property reverts to the reorganized debtor." *In re Park Ave. Radiologists, P.C.*, 450 B.R. 461, 468 (Bankr. S.D.N.Y. 2011). Some courts apply the "close nexus" test even when the debtor liquidates; other courts apply the "conceivable



effect" test. *See Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927 (RJS), 2012 WL 967582, at *5 (S.D.N.Y. Mar. 13, 2012) (summarizing the division within the Second Circuit). The First Circuit has concluded that a bankruptcy court's jurisdiction should not shrink post-confirmation in a liquidation proceeding because "a liquidating debtor exists for the singular purpose of executing an order of the bankruptcy court. Any litigation involving such a debtor thus relates much more directly to a proceeding under title 11." *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 107 (1st Cir. 2005). In a liquidation case, I have followed the First Circuit and applied the conceivable effect test. *See In re Cross Media Mktg. Corp.*, 367 B.R. 435, 444 (Bankr. S.D.N.Y. 2007) (applying *Boston Regional* and holding that a bankruptcy court's jurisdiction does not diminish post-confirmation if the debtor, pursuant to a liquidating plan, seeks to commence litigation to collect the debtor's assets for the benefit of its creditors).

Patriot Coal's confirmed Plan is a liquidation plan—the debtors' assets were sold to fund the Plan distributions. This supports continued application of the "conceivable effect" test for determining "related to" subject matter jurisdiction. However, regardless of whether the Court applies the conceivable effect or close nexus test, the result of the subject matter jurisdiction inquiry in this case is the same. Even under the more stringent close nexus test, the Court concludes that the outcome of this case affects the interpretation, implementation, consummation, or administration of the confirmed Plan. As already explained, the Plan includes the required retention of jurisdiction clause that covers this dispute.

**B.  Transfer of the Adversary Proceeding to the Virginia Bankruptcy Court is Appropriate**

Having concluded, at least on the record before me at this stage of the case, that the bankruptcy court has subject matter jurisdiction, the issue now is whether this Court or the Virginia Bankruptcy Court should be the one to decide whether to remand the action. In

8

determining whether to transfer an action from a bankruptcy court, the bankruptcy transfer statute, 28 U.S.C. § 1412, applies whether the adversary proceeding pending in the bankruptcy court is based on "arising in" or "related to" jurisdiction. *See Hilton Worldwide, Inc. Glob. Benefits Admin. Comm. v. Caesars Entm't Corp.*, 532 B.R. 259, 273 (E.D. Va. 2015); *Dunlap v. Friedman's, Inc.*, 331 B.R. 674 (S.D.W. Va. 2005). *See also Weisman v. Se. Hotel Props. Ltd. P'ship*, No. 91 Civ. 6232 (MBM), 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) ("Section 1412 applies to cases under Title 11, civil proceedings arising under Title 11 and civil proceedings related to cases under Title 11."); 4 COLLIER ON BANKRUPTCY ¶ 4.05[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014) ("Section 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11."). The defendants have the burden of establishing by a preponderance of the evidence that the case should be transferred. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390–91 (2d Cir. 1990); *In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002). They have met their burden here. Section 1412 supports transfer either in the interests of justice *or* the convenience of the parties. Efficiency and the interests of justice support transfer to the Virginia Bankruptcy Court.[1] This action is closely related to the Patriot Coal Case, the Virginia Bankruptcy Court is familiar with the facts and circumstances giving rise to the claims in this case, and it can be most efficiently litigated and resolved in that court. *See Del. Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 520–21 (S.D.N.Y. 2015).

Additionally, as VCLF argues, where a bankruptcy court is faced with cross-motions to transfer venue or to remand an action to state court, the most appropriate course is to transfer

---

[1] Courts consider six factors in determining whether the convenience of the parties supports transfer. *See Enron*, 274 B.R. at 343. The interests of justice prong is sufficient to support transfer here, but the Court concludes in any event that the convenience of parties prong would also be satisfied and support transfer to the Virginia Bankruptcy Court.

venue first and allow the "home" bankruptcy court to consider the remand motion. *See Tallo v. Gianopoulos*, 321 B.R. 23, 29 (E.D.N.Y. 2005) (concluding that "the bankruptcy court of the Southern District of New York, being the home court of the bankruptcy proceeding and being familiar with the litigation, is better situated to determine the propriety of remand"); *In re Allegheny Health, Educ. & Research Corp.*, No. 98-25773, 1999 WL 1033566, at *1 (Bankr. E.D. Pa. Nov. 10, 1999) ("The weight of authority, including several decisions of this Court, provide that, 'where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.'") (quoting *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987)).

The Court has considered and rejected Black Diamond's arguments to the contrary.

### III.    CONCLUSION

For the reasons explained above, VCLF's Transfer Motion is **GRANTED**. Black Diamond's Remand Motion is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is **DIRECTED** to transfer this adversary proceeding to the United States Bankruptcy Court for the Eastern District of Virginia.

**IT IS SO ORDERED.**

Dated:    April 25, 2016
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

I HEREBY ATTEST AND CERTIFY ON 4/26/2016
THAT THIS DOCUMENT IS A FULL, TRUE AND CORRECT
COPY OF THE ORIGINAL FILED ON OUR COURT'S
ELECTRONIC CASE FILING SYSTEM.
CLERK, US BANKRUPTCY COURT, SDNY
BY: _____ DEPUTY CLERK

10