Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1178
Facsimile: (804) 698-2186
Email: dhayes@mcguirewoods.com
        jmaddock@mcguirewoods.com

- and -


C. William Phillips (*pro hac vice* pending)
Alexander Setzepfandt (*pro hac vice* pending)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
Email: cphillips@cov.com
        asetzepfandt@cov.com

*Counsel to Black Diamond Commercial
Finance, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT COAL CORPORATION, *et al.*, | Case No. 15-32450 (KLP) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 16-03105 (KLP) |
| BLACK DIAMOND COMMERCIAL FINANCE, LLC, | |
| Plaintiff, | |
| v. | |

VIRGINIA CONSERVATION LEGACY FUND, INC. and
ERP COMPLIANT FUELS, LLC,

          Defendants.

---

VIRGINIA CONSERVATION LEGACY FUND, INC. and
ERP COMPLIANT FUELS, LLC,

          Counterclaim-Plaintiffs,

          v.

BLACK DIAMOND COMMERCIAL FINANCE, LLC,

          Counterclaim-Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RENEWED MOTION TO REMAND OR, ALTERNATIVELY,
FOR DISCRETIONARY ABSTENTION**

# Table of Contents

**Pages(s)**

Preliminary Statement ................................................................................................... 1

Factual Background ....................................................................................................... 3

    A.    The VCLF/Patriot Transaction ........................................................... 3

    B.    The State Court Action ....................................................................... 5

Argument ....................................................................................................................... 8

    A.    The Court Should Remand or Abstain From Hearing This Action. ...................... 8

        1.    This is a State Law Action Between Non-Debtor Parties With No Impact Upon the Bankruptcy Proceeding. ........................................................... 9

        2.    The Factors For Remand and Abstention Support this Court's Dismissal of the Case. ...................................................................................... 11

Conclusion ................................................................................................................. 18

# Table of Authorities

**Page(s)**

## Cases

*In re Bay Vista of Virginia, Inc.*,
  394 B.R. 820 (Bankr. E.D. Va. 2008)............................................................................10, 11

*In re Donoho*,
  402 B.R. 687 (Bankr. E.D. Va. 2009)................................................................. *passim*

*In re Jones*,
  1998 WL 939693 (Bankr. E.D. Va. Dec. 3, 1998) .................................................10

*In re LandAmerica Fin. Grp., Inc.*,
  2011 WL 203986 (Bankr. E.D. Va. Jan. 21, 2011)............................................. *passim*

*In re Rabex Amuru of N. Carolina, Inc.*,
  198 B.R. 898 (Bankr. M.D.N.C. 1996)............................................................16, 17

*In re S. Autotronics, Inc.*,
  1999 WL 33954641 (Bankr. E.D. Va. Oct. 27, 1999) ..................................... *passim*

*In re Tilley*,
  42 B.R. 827 (Bankr. E.D. Va. 1984)............................................................... *passim*

*In re Walters*,
  2013 WL 5505055 (S.D. W. Va. Oct. 2, 2013) .......................................................8

*In re Willett*,
  1996 WL 910907 (Bankr. E.D. Va. May 9, 1996)....................................................8

*In re Yates*,
  2002 WL 32140187 (Bankr. E.D. Va. Aug. 16, 2002) (J. Tice)..................... *passim*

*Klein v. Vision Lab Telecomms., Inc.*,
  399 F. Supp. 2d 528 (S.D.N.Y. 2005).................................................................12

*Massey Energy Co. v. W. Virginia Consumers for Justice*,
  351 B.R. 348 (E.D. Va. 2006)...............................................................................16

## Statutes

28 U.S.C. § 1334...............................................................................................*passim*

28 U.S.C. § 1452(b) ..........................................................................................8, 18

Plaintiff Black Diamond Commercial Finance, LLC ("Black Diamond"), by its attorneys McGuireWoods LLP and Covington & Burling LLP, respectfully submits this Memorandum of Law in Support of Plaintiff's Renewed Motion to Remand or, Alternatively, for Discretionary Abstention.

Preliminary Statement

In October 2015, plaintiff Black Diamond, a non-debtor, brought this action for breach of contract against defendant VCLF[1], also a non-debtor, in New York state court. Black Diamond alleges that VCLF breached the parties' contract, whereby Black Diamond agreed to provide VCLF with exclusive financing to be used for working capital and certain fees in connection with VCLF's purchase of certain assets from Patriot Coal Corporation ("Patriot"), then a debtor-in-possession. In its counterclaim, VCLF alleges that it was instead Black Diamond that breached the contract, which excused its performance. Neither Patriot nor the liquidating trust that emerged from its reorganization are a party to, or in any way affected by, this action.

This lawsuit belongs in New York state court: the commitment letter between Black Diamond and VCLF—the contract at issue in this dispute—was negotiated and executed in New York and, by its express terms, is governed by New York law. The non-party witnesses are there and New York state courts are most familiar with determining rights and obligations that flow from New York contracts. Nonetheless, VCLF removed this action to the Unites States District Court for the Southern District of New York, which referred this action to the Bankruptcy Court for the Southern District of New York. The SDNY Bankruptcy Court denied Black Diamond's motion to remand for lack of jurisdiction and granted VCLF's motion to transfer to this Court, where the Patriot case, although post-confirmation, remains open. The court dismissed without

---

[1] "VCLF" refers collectively to defendants Virginia Conservation Legacy Fund, Inc. and its affiliate ERP Compliant Fuels, LLC.

prejudice Black Diamond's motion to remand, ruling that issues of equitable remand and discretionary abstention should be considered by this Court.

Relying on the principles of equitable remand and discretionary abstention, courts in this district routinely remand and abstain from state law actions between non-debtor parties, especially when those actions are unlikely to have any effect on the bankruptcy estate.  For that reason (and as set forth in more detail below), the present case is a model candidate for remand or abstention:  the relationship of this wholly non-debtor dispute to Patriot's post-confirmation chapter 11 case is remote.  Although the financing VCLF agreed to obtain from Black Diamond was to be used in connection with the acquisition of assets held by Patriot, none of the financing was going to find its way into the Patriot estate or into the hands of the Patriot creditors—it was only to be used by VCLF to fund its working capital and to pay its expenses.  Indeed, the transaction between VCLF and Patriot closed without financing from Black Diamond.

Patriot's plan was confirmed and became effective last year.  Nothing in this lawsuit between these two non-debtors over alleged breaches of a New York state law contract will affect Patriot's estate, which no longer exists.  Likewise, resolution of the dispute over whether Black Diamond or VCLF breached their commitments under the commitment letter (i) will not affect the already consummated asset purchase, (ii) does not require application of bankruptcy or other federal laws, (iii) will have no effect on the administration of Patriot's chapter 11 case or its confirmed and implemented plan, and (iv) will not affect any distributions to creditors.

For these reasons, Black Diamond respectfully requests that this Court abstain from hearing or remand this action to New York Supreme Court.

Factual Background

**A.      The VCLF/Patriot Transaction**

On August 16, 2015, VCLF entered into an asset purchase agreement (the "VCLF APA")

with Patriot, which was at that time a debtor in possession in a chapter 11 case pending in this

Court.  *See* Black Diamond's Complaint ("Compl."), ¶¶ 18-19.[2]  Under the VCLF APA, VCLF

agreed to purchase certain of Patriot's assets (the "VCLF Transaction"), subject to higher and

better offers.  *See id.*[3]

VCLF sought financing from Black Diamond in connection with the transaction.

Compl., ¶ 22.  VCLF's financial advisor, Teneo, which is located in New York City, arranged for

VCLF and Black Diamond to meet to discuss financing.  *Id.*, ¶ 22-24.  On September 13, 2015,

VCLF met with Black Diamond at Teneo's offices in New York City to discuss VCLF's

business plan and the terms of financing it sought.  *Id.*, ¶ 24.

The following week, on September 21, Black Diamond met with VCLF, again at Teneo's

offices in New York City, to complete the negotiation of, and enter into, an exclusive financing

commitment (the "Commitment Letter")[4] under which Black Diamond would provide VCLF

with $25 million in financing to be used primarily by VCLF for working capital purposes (and

not to pay for the assets).  Compl., ¶¶ 27-28.  In the Commitment Letter, VCLF agreed to work

exclusively with Black Diamond and not to solicit or to accept financing offers from any source

other than Black Diamond.  Commitment Letter at 3, ¶ 2.  Black Diamond agreed not to provide

financing to any other bidder for the assets or to submit a bid for the assets on its own behalf.  *Id.*

---

[2] A copy of Black Diamond's Complaint without exhibits is attached as Exhibit "A" to the
Declaration of C. William Phillips, dated May 10, 2016 (the "Phillips Declaration"), simultaneously filed
herewith.  A copy of the Complaint with exhibits can be found at ECF No. 2-8 to -10. (Unless otherwise
noted, all ECF numbers refer to the docket of this adversary proceeding.)

[3] A copy of the VCLF APA can be found at ECF No. 3-24.

[4] A copy of the Commitment Letter is attached as Exhibit "B" to the Phillips Declaration.

at 3, ¶ 3.  The parties agreed that the Commitment Letter would "be governed by, and construed in accordance with, the laws of the State of New York."  *Id.* at 4, ¶ 2.

On or about October 6, 2015, Black Diamond learned that this Court would be unable to approve the VCLF APA until after October 8.  Compl., ¶ 40.  Thus, on October 6, Black Diamond proposed that the Commitment Letter's deadline for this Court's approval of the VCLF APA—a prerequisite for the financing—be changed from October 8 to November 9, 2015, and that the deadline for closing of the VCLF APA be changed from October 23 to November 23, 2015.  *Id.*  On October 7, 2015, VCLF agreed in writing to the changes proposed by Black Diamond.  *Id.*

On October 9, 2015, this Court entered an order (the "Confirmation Order")[5] confirming Patriot's Fourth Amended Joint Plan of Reorganization (the "Confirmed Plan").  In the Confirmation Order, this Court granted final approval of the VCLF Transaction and approved the transactions contemplated by the Commitment Letter.  Confirmation Order, ¶¶ 122, 126. Following confirmation, Black Diamond worked to implement the financing contemplated by satisfying the Commitment Letter's conditions for closing, including finalizing the loan documentation and conducting legal and business diligence.  Compl., ¶ 38.  But on October 23, 2015, after weeks of discussions, VCLF abruptly stopped responding to Black Diamond's phone calls and emails.  *Id.*, ¶¶ 44-52.

Two days later, on October 25—and with no advance warning—VCLF informed Black Diamond that Black Diamond had three hours to provide written confirmation of its readiness to close the following day.  Compl., ¶ 54.  Black Diamond immediately responded that it was

---

[5] A copy of the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and (II) Approving the Fourth Amended Disclosure Statement* (and annexed Plan), Patriot ECF No. 1615, is attached as Exhibit "C" to the Phillips Declaration.

prepared to close, but that because of VCLF's silence over the past 48 hours, Black Diamond could not be expected to close the following day, October 26.  *Id.*, ¶ 55.  Black Diamond explained that, nonetheless, it and its lawyers were standing by ready to prepare for closing.  *Id.*

In response, VCLF claimed that, because Black Diamond was not able to close the following day, VCLF was no longer bound by the Commitment Letter.  Letter from P. Potter to A. Harris, dated Oct. 25, 2015.[6]  When Black Diamond responded that the Commitment Letter was still in effect and urged VCLF to keep working with Black Diamond to close, VCLF again went silent.  Compl., ¶¶ 57-58.

The following day, October 26, Patriot's Confirmed Plan became effective and, at 12:01 a.m. on October 27, the VCLF Transaction was deemed effective.  *See* Effective Date Notice[7] at 1.  VCLF closed the VCLF Transaction without financing from Black Diamond.  In a letter to Black Diamond immediately before closing, VCLF admitted it was planning to accept financing from another source and thereby breach the exclusivity requirements in the Commitment Letter.  *See* Letter from P. Potter to A. Harris, dated Oct. 25, 2015 ("VCLF, thus, has no choice but to accept an alternative financing commitment which was presented to VCLF late last night . . . . Until now, VCLF has intentionally refrained from accepting this alternative financing . . . .").

## B.    The State Court Action

On October 26, 2015, Black Diamond filed a Summons with Notice in the Supreme Court of New York, New York County, putting VCLF on notice of Black Diamond's forthcoming breach of contract action in New York Supreme Court.  On November 2, 2015,

---

[6] A copy of the letter from P. Potter to A. Harris is attached as Exhibit "D" to the Phillips Declaration.

[7] "Effective Date Notice" refers to the *Notice of (I) Confirmation of the Debtors' Chapter 11 Plan of Reorganization, (II) Occurrence of the Effective Date, and (III) Related Bar Dates*, Patriot ECF No. 1751, which is attached as Exhibit "E" to the Phillips Declaration.

VCLF filed a motion to dismiss the state court action for lack of personal jurisdiction.[8]  Days

later and well within the required filing period, on November 5, Black Diamond filed its

Complaint,[9] and the following day, requested that the case be transferred to the Commercial

Division of the New York Supreme Court.[10]  VCLF subsequently informed the New York

Supreme Court that VCLF did not oppose Black Diamond's letter requesting the case to be

moved to the Commercial Division of the New York State Supreme Court.[11]  Soon after, on

November 12, Black Diamond filed an opposition to VCLF's motion to dismiss.[12]

On November 12, 2015, VCLF filed a Notice of Removal (the "Removal Notice") in the

District Court for the Southern District of New York (the "SDNY District Court"), requesting

that this action then be transferred to this Court.  Soon after, on November 23, the SDNY District

Court referred the lawsuit to the Bankruptcy Court for the Southern District of New York (the

"SDNY Bankruptcy Court").  Thereafter, Black Diamond and VCLF filed cross-motions for

remand and a motion to transfer venue of this action to this Court.

On December 4, 2015, VCLF filed its answer and counterclaim.[13]  VCLF's counterclaim

alleges only one claim, for breach of contract.  VCLF's Answer and Counterclaim ¶¶ 44-53.  As

part of its counterclaim, VCLF alleges that it may someday become liable to the lenders who are

---

[8] A copy of VCLF's motion to dismiss can be found at ECF No. 2-3.

[9] *See* Phillips Declaration, Ex. "A."

[10] A copy of the Letter from D. Pinsky to Hon. J. Moulton, dated Nov. 6, 2015, without enclosures, is attached as Exhibit "F" to the Phillips Declaration.  A copy with enclosures can be found at ECF No. 2-11 to -14.

[11] A copy of this email from M. Greene to W. Sullivan, dated Nov. 13, 2015, is attached as Exhibit "G" to the Phillips Declaration.

[12] A copy of Black Diamond's opposition to VCLF's motion to dismiss can be found at ECF No. 3-48.

[13] A copy of VCLF's Answer and Counterclaim without exhibits is attached to the Phillips Affirmation as Exhibit "H."  A copy of VCLF's Answer and Counterclaim with exhibits can be found at ECF No. 3-68 to -81.

part of the "Letter of Credit Facility" under article I.A. ¶ 174(b) of the Confirmed Plan.  *See id.*

¶¶ 3-4, 28.  According to VCLF, if Black Diamond breached the Commitment Letter—and *if* the

Letter of Credit Facility lenders ever successfully press a claim against VCLF for failing to close

on the Black Diamond financing—then Black Diamond could owe VCLF consequential

damages for any payments made under ¶ 174(b).  VCLF's Answer and Counterclaim ¶¶ 3-4.

Other than a "reservation of rights" letter that a lawyer for the agent of the Letter of Credit

facility sent VCLF last year,[14] Black Diamond is unaware of any further actions taken with

regards to the above payment by VCLF or the Letter of Credit Facility.

On January 15, 2016, Black Diamond answered VCLF's counterclaim.[15]  On March 2,

2016, while these motions were still pending, this Court closed the Affiliate Cases, leaving only

the Lead Case.  Final Decree at 1-2.[16]

On April 25, the SDNY Bankruptcy Court granted VCLF's motion to transfer and denied

Black Diamond's motion for remand.  Transfer Order at 9-10.[17]  Importantly, however, on the

motion for remand, the SDNY Bankruptcy Court decided only the issue of jurisdiction, not the

issues of equitable remand or permissive abstention.  *Id.* at 9-10.  In particular, the court noted

that when faced with cross-motions for transfer and remand, the general rule is "to transfer venue

first" and then "allow the 'home' bankruptcy court to consider the remand motion."  *Id.*  The

court accordingly transferred this action to this Court and denied Black Diamond's remand

---

[14] A copy of this letter, from Albert L. Hogan III to Patrick Potter, dated December 7, 2015, is attached to the Phillips Declaration as Exhibit "I."

[15] A copy of Black Diamond's Answer is attached to the Phillips Declaration as Exhibit "J."

[16] "Final Decree" refers to the *Final Decree Closing Certain Chapter 11 Cases Pursuant to 11 U.S.C. § 350(A) and Federal Rule of Bankruptcy Procedure 3022*, Patriot ECF No. 2183, which is attached as Exhibit "K" to the Phillips Declaration.

[17] "Transfer Order" refers to the SDNY Bankruptcy Court's order, entered April 25, 2016, which is attached to the Phillips Declaration as Exhibit "L."

motion without prejudice.  *Id.* at 10 ("For the reasons explained above, VCLF's Transfer Motion

is GRANTED.  Black Diamond's Remand Motion is DENIED WITHOUT PREJUDICE.").

Argument

This is a state law dispute between two non-debtor parties that will have no effect on

Patriot's estate, which no longer exists, or upon the liquidating trust.  The governing law, the

locus of events, and Plaintiff's choice of forum all confirm that New York state court is the

appropriate forum for this dispute.  This Court should remand this action under 28 U.S.C. §

1452(b) or abstain from hearing it under 28 U.S.C. § 1334(c)(1).

**A.      The Court Should Remand or Abstain From Hearing This Action.**

This Court can remand this action "on any equitable ground."  28 U.S.C. § 1452(b).

Alternatively, the Court can abstain from hearing this action "in the interest of justice, or in the

interest of comity with State courts or respect for State law."  28 U.S.C. § 1334(c)(1).

Both doctrines serve identical purposes and rely on similar factors. *See, e.g.*, *In re

Walters*, 2013 WL 5505055, at *7 (S.D. W. Va. Oct. 2, 2013).  In particular, both doctrines

permit bankruptcy courts to remand actions that could adequately be decided by state courts.  As

one court noted, "[b]ankruptcy courts exist to resolve complex consumer creditor issues" and, for

that reason, "when a state court is ready and willing to handle state law issues . . . the state court

action should be allowed" *Id.* at *8 (internal quotation marks omitted) (quoting and affirming

bankruptcy court order that remanded action on equitable grounds); *see also In re Willett*, 1996

WL 910907, at *9 (Bankr. E.D. Va. May 9, 1996) (Mitchell, J.) (remanding action on grounds

that state law issues predominated and noting, by contrast, that remand should be denied "where

the only issues to be resolved in a removed action are bankruptcy issues").

Indeed, to encourage bankruptcy courts to remand matters that could be decided in state court, the permissive abstention statute specifically cites "the interest of comity with State courts or respect for State law" as sufficient justification for abstention.  *See* 28 U.S.C. § 1334(c)(1); *In re Tilley*, 42 B.R. 827, 832 (Bankr. E.D. Va. 1984) (Shelley, J.) ("[T]his Court takes note of the intent of Congress in enacting § 1334(c)(2) that pending state law claims should be tried in state forums.").

1.  <u>This is a State Law Action Between Non-Debtor Parties With No Impact Upon the Bankruptcy Proceeding.</u>

As a general rule, courts in this district remand or abstain from hearing state law claims between non-debtor parties.  *In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *6 (Bankr. E.D. Va. Jan. 21, 2011) (Huennekens, J.) (abstaining and noting, "[n]ot only do non-debtor parties predominate in the case; they are the *only* parties in the case"); *In re Donoho*, 402 B.R. 687, 699 (Bankr. E.D. Va. 2009) (Mitchell, J.) (remanding on the grounds that the "complaint itself raises only state law claims" and the "[debtor's] only connection to the controversy is that he once owned the property"); *In re Yates*, 2002 WL 32140187, at *3 (Bankr. E.D. Va. Aug. 16, 2002) (Tice, J.) (remanding, abstaining, and noting, "[t]he cause [of action] involves strictly state law issues, and the debtor is not even a named party").

This action is a state law breach of contract claim solely between Black Diamond and VCLF, neither of which is, or is affiliated in any way with, the reorganized debtor.  This case will be governed solely by New York state law and no bankruptcy or federal law claims are at issue.  For this reason on its own, this action should be remanded to New York Supreme Court.

Even in cases where the debtor *is* a party, courts in this district often remand state law claims.  *See In re S. Autotronics, Inc.*, 1999 WL 33954641, at *4 (Bankr. E.D. Va. Oct. 27, 1999) (Shelley, J.) (remanding and abstaining from state law claim, which had been originally filed by

-9-

plaintiff-debtor in state court and removed to bankruptcy court by defendants, partially on the

grounds that "[a]ll of Plaintiff's claims are based on state law causes of action"); *In re Tilley*, 42

B.R. 827, 831 (Bankr. E.D. Va. 1984) (Shelley, J.) (remanding state law claims that had been

pending against debtor at the time chapter 11 petitions were filed, partially on the grounds they

were "purely state law claims for which the [state court] is particularly well suited to decide");

*see also In re Jones*, 1998 WL 939693, at *6 (Bankr. E.D. Va. Dec. 3, 1998) (Mitchell, J.)

(holding in the alternative that equitable remand was appropriate: "Simply put, the fact that only

issues of state law are involved, that this is not a reorganization case, and that no possible benefit

could accrue to creditors regardless of the ultimate ruling, would all militate in favor of

remand.").

The circumstances under which courts have declined to remand state law claims is where

the outcome of the action will have a negative effect on a debtor's bankruptcy estate.  *Compare

In re Bay Vista of Virginia, Inc.*, 394 B.R. 820, 846 (Bankr. E.D. Va. 2008) (denying remand on

the grounds that transfer of the action "would likely delay the administration and closure of

[debtor's] bankruptcy case") *with In re S. Autotronics, Inc.*, 1999 WL 33954641, at *4

(remanding, abstaining, and noting that the state action "would redound to the *benefit* of the

estate," as opposed to harming the estate) (emphasis added) *and In re Yates*, 2002 WL 32140187,

at *3 (remanding, abstaining, and noting that the outcome of the dispute "will have nominal

impact on the administration of debtor's estate").  That is not possible here:  the Patriot plan has

been consummated and all assets transferred.  There is no estate left and this action does not even

remotely involve the reorganized debtor or liquidating trust.

This action is purely between Black Diamond and VCLF—not Patriot—and it is

irrelevant that VCLF owns certain assets that once belonged to Patriot.  *See In re Donoho*, 402

-10-

B.R. at 699 (remanding on the grounds that the action is a state law dispute and the debtor was not a party, even though "he once owned the property").  Because this action is a state law dispute between two non-debtor parties, and will have no effect on Patriot's liquidating trust, this Court should remand or abstain from hearing this case.

2.  <u>The Factors For Remand and Abstention Support this Court's Dismissal of the Case.</u>

In determining whether to remand or abstain from hearing a case, courts in this district also look to the following twelve factors:

> (1) The court's duty to resolve matters properly before it; (2) The predominance of state law issues and non-debtor parties; (3) The economical use of judicial resources; (4) The effect of remand on the administration of the bankruptcy estate; (5) The relatedness or remoteness of the action to the bankruptcy case; (6) Whether the case involves questions of state law better addressed by the state court; (7) Comity considerations; (8) Any prejudice to the involuntarily removed parties; (9) Forum non conveniens; (10) The possibility of inconsistent results; (11) Any expertise of the court where the action originated; and (12) The existence of a right to a jury trial.

*In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *5-6 (citing *In re Ahearn*, 318 B.R. 638, 644 (Bankr. E.D. Va. 2003)).  Courts also respect and give weight to plaintiff's choice of forum. *See In re S. Autotronics, Inc.*, 1999 WL 33954641, at *5.

These twelve factors weigh strongly in favor of remand.

*First*, this Court has no duty to hear cases that largely involve state law and could instead be heard in state court.  *In re Tilley*, 42 B.R. at 832 ("[T]his Court takes note of the intent of Congress . . . that pending state law claims should be tried in state law forums."); *see In re Bay Vista of Virginia, Inc.*, 394 B.R. at 846 (noting that, in general, "this Court has *not* been reluctant to defer to state courts") (emphasis added).

*Second*, the lawsuit involves only state law issues between non-debtor parties.  This action is solely a breach of contract action, the resolution of which will require applying only New York law to the New York-negotiated and -executed Commitment Letter.  Black Diamond, a non-debtor, seeks relief solely from VCLF, a non-debtor.  VCLF only seeks counter-claim relief from Black Diamond.  The outcome of this case will have no effect on the liquidating trust, much less the bankruptcy estate, which no longer exists.  *See, e.g.*, *In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *6 (abstaining and noting, "[n]ot only do non-debtor parties predominate in the case; they are the *only* parties in the case."); *In re Yates*, 2002 WL 32140187, at *3 (remanding, abstaining, and noting that "the debtor is not even a named party."); *In re Donoho*, 402 B.R. at 699 (remanding on the grounds that the "[debtor's] only connection to the controversy is that he once owned the property").

*Third*, the economical use of judicial resources favors remand or abstention because of the risk that either party could appeal an unfavorable outcome based on the absence of subject matter jurisdiction.  While the SDNY Bankruptcy Court decided that there is subject matter jurisdiction, either party could ultimately dispute that ruling on appeal.  In that event, the outcome of this case would be delayed and, at worst, this action could need to be re-tried in New York Supreme Court.  *Cf. Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005) (noting, in a different context, that a reversal of jurisdiction could delay the case by "forc[ing] plaintiffs to try this case twice, once in federal court and again in state court." ).  By remanding or abstaining from hearing this action, this Court would bring greater certainty to the outcome of this case and potentially save judicial resources.

*Fourth*, remand would have no effect on the bankruptcy estate or liquidating trust.  Neither Black Diamond nor VCLF is seeking damages from or asserting any claims whatsoever

-12-

against the trust or reorganized debtor. For that matter, the Confirmed Plan is effective and has been implemented, the VCLF Transaction has closed, the estate no longer exists, Patriot's remaining assets have been transferred to the liquidating trust, and the Affiliated Cases have closed.

The outcome of this case will not affect distributions by Patriot to creditors or the administration of the remaining chapter 11 case. Instead, this action will have no effect on the reorganized debtor's estate and thus remand or abstention are appropriate. *See Yates*, 2002 WL 32140187, at *3 (abstaining, remanding, and noting that "the resolution of this case in state court will have nominal impact on the administration of debtor's estate"); *LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *6 (abstaining on the grounds that the outcome of the dispute "will have little effect on the administration of the bankruptcy estate"); *In re Donoho*, 402 B.R. 687, 699 (remanding in part on the grounds that the action "seeks no relief against [the debtor]" because the debtor's "only connection to the controversy is that he once owned the property" at issue). Indeed, this factor is of crucial importance and all the other "factors fall[] into place simply because the outcome of the current proceeding will not materially affect the administration of the . . . estate." *In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *6. On this factor alone, then, this action should be remanded or abstained from. *See id.*

*Fifth*, this action is remote from the bankruptcy case because it involves only state law issues, non-debtor parties, and will have no effect on the estate, as discussed above.

VCLF will no doubt claim that this action is not remote from the bankruptcy case, because its counterclaim mentions that Black Diamond may be liable for a payment VCLF may be required to make to the lenders of the Letter of Credit Facility, under article I.A. ¶ 174(b) of the Confirmed Plan. According to VCLF, it may be exposed to the lenders of the Letter of

-13-

Credit Facility for its failure to close under the Commitment Letter and, if so, VCLF would seek

to hold Black Diamond responsible for that exposure.  However, whether VCLF ever has to

make this payment and whether Black Diamond could be liable for such a hypothetical

consequential damage is entirely speculative.  To date, there is no action pending against VCLF

for this payment and VCLF denies that it owes anything.

Even if VCLF does owe such a payment under the Confirmed Plan, the present action is

solely between Black Diamond and VCLF.  This action will not determine whether VCLF is

liable for any payments to the lenders under the Letter of Credit facility, which may or may not

be the subject of a future possible proceeding between VCLF and those lenders.  The only issue

that could arise in this action is whether Black Diamond must compensate VCLF for those

payments (if they are ever made)—an issue of consequential damages under a New York

contract that is well within the expertise of the New York courts.  This action will not require

interpreting the Confirmed Plan, but instead determining only whether VCLF, as a matter of fact,

made the payment and whether, under New York law, a consequential damage of the kind may

be awarded.

Most importantly, the debtor's only "connection to the controversy is that [it] once

owned" some of VCLF's property.  *In re Donoho*, 402 B.R. 687, 699 (remanding and abstaining

on the grounds that the debtor was not a party and would be unaffected by the dispute).  There is

no possibility that this action will affect the reorganized debtor or liquidating trust and thus this

factor "falls into place" because "the outcome of the current proceeding will not materially affect

the administration of the . . . estate."  *In re LandAmerica Fin. Grp., Inc.*, 2011 WL 203986, at *6;

*In re Yates*, 2002 WL 32140187, at *3 (remanding and abstaining because the case "will have

nominal impact on the administration of debtor's estate" and because the case "involves strictly

-14-

state law issues, and the debtor is not even a named party.").  It must also be noted that although

the SDNY Bankruptcy Court found the connection between VCLF's counterclaim and the

Confirmed Plan to be sufficient for bankruptcy court jurisdiction, equitable remand and

discretionary abstention are still available and warranted.  Those doctrines are only implicated

when the court has found jurisdiction, as in this case, and thus such finding is largely irrelevant

to deciding the question of equitable remand or abstention:  where "a bankruptcy court

technically has jurisdiction," but a state forum would also be suitable, remand is appropriate.  *In

re Donoho*, 402 B.R. at 698-99 (remanding in part because "[t]he complaint itself raises only

state law claims" and because the action "seeks no relief against [the debtor]").

 *Sixth*, the predominance of state law issues is clear in this case, given that this is a breach

of contract action that does not involve any bankruptcy or federal law issues.  This factor weighs

heavily in favor of remand.  *See* 28 U.S.C. § 1334 (specifically citing "respect for State law" as a

reason for abstention); *In re Tilley*, 42 B.R. at 832 ("[T]his Court takes note of the intent of

Congress in enacting § 1334(c)(2) that pending state law claims should be tried in state

forums."); *In re Yates*, 2002 WL 32140187, at *3 (remanding and abstaining in part because

"[t]he cause [of action] involves strictly state law issues"); *In re Donoho*, 402 B.R. at 699

(remanding in part because "[t]he complaint itself raises only state law claims."); *In re S.

Autotronics, Inc.*, 1999 WL 33954641, at *4 (abstaining and remanding in part because

"Plaintiff's claims are based on state law causes of action").

 *Seventh*, principles of comity strongly favor remand.  The Commitment Letter was

negotiated in New York, executed in New York, and contains a choice of law provision requiring

it to be interpreted in accordance with New York law.  Thus, this action should be remanded or

abstained from out of respect for New York state courts.  *See* 28 U.S.C. § 1334 (specifically

citing "comity with State courts" as a reason for abstention); *In re Tilley*, 42 B.R. at 832 ("[T]his

Court takes note of the intent of Congress in enacting § 1334(c)(2) that pending state law claims

should be tried in state forums."); *Massey Energy Co. v. W. Virginia Consumers for Justice*, 351

B.R. 348, 354 (E.D. Va. 2006) (Cacheris, J.) ("In sum, all of Plaintiffs' claims are unique to . . .

state law and have nothing to do with any bankruptcy statute nor federal law. . . . [O]ut of respect

for State law and in the interest of comity with State courts, this Court will abstain from this case

and will remand it to the State Court.").

    *Eighth*, failing to remove this action would prejudice Black Diamond by depriving it of

its choice of forum.  Black Diamond does substantial business in New York and has its principal

office in nearby Greenwich, Connecticut; New York is the location where many of the events

giving rise to the lawsuit occurred, including negotiation and execution of the Commitment

Letter; key witnesses (such as VCLF's financial adviser, Teneo) are in New York; and the

Commitment Letter is governed by New York law.  Deference should be given to Black

Diamond's choice of forum.  *In re S. Autotronics, Inc.*, 1999 WL 33954641, at *5 (remanding in

part because "Plaintiff has chosen the state court as its forum").

    *Ninth*, *forum non conveniens* weighs in favor of remand.  A determination of whether

*forum non conveniens* is appropriate requires a three-step inquiry.  *See, e.g.*, *In re Rabex Amuru*

*of N. Carolina, Inc.*, 198 B.R. 898, 900 (Bankr. M.D.N.C. 1996) (transferring on the ground of

*forum non conveniens*).  First, the doctrine requires the existence of another forum that would

provide an adequate remedy to the prevailing party.  *Id.*  Second, courts look to "private interest"

factors, including (i) ease of access to sources of proof; (ii) the availability of compulsory

process; and (iii) other factors affecting the ease, speed and expense of trial.  *Id.*  Third, courts

look to "public interest" factors, such as (i) the local interest in having controversies resolved at

home; (ii) the interest in having the trial of the case in the forum that is familiar with the law that governs the action; and (iii) the avoidance of problems regarding conflicts of law and the application of foreign law. *Id.* As a general rule, there is a strong presumption in favor of a plaintiff's choice of forum. *Id.*

The above factors all weigh in favor of remand. There is no doubt that New York state court, where this action began, could provide an adequate remedy to the prevailing party in this action. As for the "private interest" factors, New York is a convenient location for both parties because it was the venue where the parties met, negotiated, and executed the Commitment Letter; it is easily accessible from both Connecticut and Virginia; and counsel to both parties have offices in New York. Importantly, it is also where VCLF chose to negotiate and execute the Commitment Letter. Availability of process also would not be an issue because the primary witnesses are the parties and New York-based Teneo. Similarly, the "public factors" weigh in Black Diamond's favor because New York has a local interest in resolving contracts executed in New York and governed by New York law. Because there is a "strong presumption in favor of plaintiff's choice of forum," and because each of these factors weighs in favor of *forum non conveniens*, this factor weighs in favor of remand or abstention. *See id.*

*Tenth*, because there are no other pending litigations involving this dispute, there is no possibility of inconsistent results.

*Eleventh*, New York state court is expert at resolving complex commercial transactions interpreted under New York law, such as this one. Justices in the Commercial Division of the New York Supreme Court—where this case will be heard upon remand—have as their central focus commercial disputes is governed by New York law. *See* A Brief History, http://www.nycourts.gov/courts/comdiv/history.shtml (last visited May 10, 2016) ("The

-17-

Commercial Division serves as a forum for resolution of complicated commercial disputes . . .

requir[ing] particular expertise across the broad and complex expanse of commercial law."); The

Commercial Division: A 21st Century Forum for Commercial Litigation (New York State

Unified Court System Feb. 2, 2016) (this documentary on the Commercial Division, which was

created by the New York State Unified Court System, "explores why the [Commercial Division]

has become the premier forum for business litigation"),

https://www.youtube.com/watch?v=vTCPmOlPXcc (last visited May 10, 2016).  Thus, this

factor weighs in favor of remand.

     *Twelfth*, both parties have waived their right to trial by jury, so this factor is neutral.

     All of the above factors, except for the neutral tenth and twelfth factors, weigh in favor of

remand.  This dispute concerns only state law issues, is between non-debtor parties, and will

have no impact on the estate or liquidating trust.  Accordingly, this Court should equitably

remand this action or abstain from hearing it.

Conclusion

     For these reasons, this Court should exercise its discretion to remand this action under 28

U.S.C. § 1452(b) or, in the alternative, abstain from adjudication of this action under 28 U.S.C. §

1334(c)(1).

Dated:  May 10, 2016
Richmond, Virginia

Respectfully submitted,

By: */s/ John H. Maddock III*

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1178
Facsimile: (804) 698-2186
Email: dhayes@mcguirewoods.com
        jmaddock@mcguirewoods.com


C. William Phillips (*pro hac vice* pending)
Alexander Setzepfandt (*pro hac vice* pending)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
Email: cphillips@cov.com
        asetzepfandt@cov.com


*Counsel to Black Diamond Commercial
Finance, LLC*