**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>PATRIOT COAL CORPORATION, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 15-32450 (KLP)<br><br>Jointly Administered |
| BLACK DIAMOND COMMERCIAL FINANCE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC,<br><br>        Defendants. | |
| VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC,<br><br>        Counterclaim-Plaintiffs,<br><br>v.<br><br>BLACK DIAMOND COMMERCIAL FINANCE, LLC,<br><br>        Counterclaim-Defendant. | Adv. Proc. No. 16-03105 (KLP) |

**VCLF'S MOTION TO COMPEL DEPOSITIONS**

Virginia Conservation Legacy Fund, Inc. and ERP Compliant Fuels, LLC (collectively, "VCLF"), through undersigned counsel, respectfully submits this Motion to Compel Depositions (the "Motion").

**Statement of Position**

As the Court knows, the dispute between VCLF and Black Diamond Commercial Finance, LLC ("Black Diamond") boils down to whether (a) there is any merit to Black Diamond's factual contention that, prior to October 23, 2015, VCLF solicited financing to close on its purchase commitment with the Debtor Patriot Coal Corporation, as an alternative to the September 21, 2015 Commitment Letter entered into by the parties, and (b) Black Diamond's acts and omissions, culminating with its October 23, 2015 unilateral changes to (and repudiation of) the Commitment Letter, constitute a breach of the Commitment Letter.  After nearly two years of litigation, and no evidence to support the positions it takes, Black Diamond continues its blatant and brazen strategy of (a) avoiding any meaningful discussion with the Court (or VCLF) on the merits of its claims that VCLF breached the Commitment Letter during the 35-day relationship between the parties by soliciting alternative closing financing prior to October 23, 2015, and (b) engaging in vexatious litigation aimed at delay, including collateral litigation over alleged document discovery disputes (which is resulting in increased legal fees beyond reason).

Now, Black Diamond seeks to avoid VCLF taking fact depositions of the individuals who presumably have knowledge of the facts underlying Black Diamond's Complaint and related allegations.  No legally cognizable basis exists for allowing Black Diamond to avoid being deposed.  Consequently, the Court must order Black Diamond and affiliated witnesses to appear in accordance with VCLF's duly-issued deposition notices and, where required, subpoena.

## Factual Background

1.  On or about September 7, 2017, VCLF issued and served deposition notices (and, where appropriate, a subpoena) to depose the following Black Diamond representatives on the corresponding dates:[1]

| Hugo Gravenhorst | September 19, 2017 |
| Steven Deckoff | October 2, 2017 |
| Adam Harris | October 10, 2017 |
| Richard Ehrlich | October 17, 2017 |
| Rashid Lattouf | October 24, 2017 |

2.  During the week of September 11, 2017, VCLF and Black Diamond participated in a number of meet-and-confers in connection with VCLF's deposition notices, and exchanged a number of emails on the topic of scheduling depositions. Indeed, based on the strength of statements from Black Diamond's counsel made on September 14, 2017, that (1) the deposition of Mr. Gravenhorst would occur without incident on October 10, 2017, in New York City; (2) Messrs. Ehrlich and Lattouf would be produced for depositions on or near October 17 and 24, 2017, respectively; (3) Mr. Harris—a partner at Schulte Roth & Zabel, LLP, Black Diamond's bankruptcy counsel in connection with the above-captioned chapter 11 case—would be produced for deposition during the last three weeks of October 2017; and, (4) subject to a further call with Mr. Deckoff, he too would be produced for deposition during October 2017 (or maybe the first week in November 2017), VCLF agreed to adjourn Mr. Gravenhorst's deposition, originally scheduled for today, to October 10, 2017, to maintain the deposition dates of Messrs. Ehrlich and Lattouf on their duly-noticed dates of October 17 and 24, respectively, and to adjourn the depositions of Messrs. Harris and Deckoff within the scheduling constraints set forth above (*viz.*,

---

[1] With the exception of Mr. Harris, each of these witnesses is an officer, director, or managing agent for Black Diamond.

some point within the last three weeks of October for Mr. Harris, and some point within the last three weeks of October or the first week of November for Mr. Deckoff) once specific dates were set. Black Diamond's counsel also confirmed that, with the exception of Mr. Harris, Messrs. Deckoff, Ehrlich, Lattouf, and Gravenhorst would be produced on the strength of the notices to Black Diamond alone, without the necessity of having subpoenas issued and served.

3. Other than finalizing a date for Mr. Deckoff, therefore, it is fair to say that, prior to last Friday evening, September 15, 2017, VCLF believed that all other deposition dates had been agreed to by Black Diamond.

4. Apparently having a change of heart (or perhaps a client that disagrees with its legal counsel), last Friday evening, the undersigned received an email from Black Diamond's counsel making clear that no Black Diamond witnesses will appear for depositions absent order of the Court.

**Argument**

5. VCLF is entitled to move expeditiously to depose Black Diamond's fact witnesses.

6. The fact that VCLF has moved for partial summary judgment (ECF Doc. No. 132) is of no legal relevance, notwithstanding statements by Black Diamond's counsel to the contrary. Nothing in the Federal Rules prevents a party from taking depositions simultaneously with moving for partial summary judgment.

7. Black Diamond also has suggested to VCLF that its fact witnesses cannot be deposed absent the receipt of all documents that Black Diamond contends it is entitled to receive from VCLF and its financial advisor (Teneo) and affiliate (Iron Management). In other words, Black Diamond is seeking to delay the progress of this litigation until after its recently filed

4

(meritless) motion for sanctions relating to documents withheld or redacted by VCLF as privileged is resolved. This argument is specious. The purpose of deposing Black Diamond's witnesses is to learn their understanding of the facts that form the basis of the entirety of Black Diamond's claims. Black Diamond's witnesses either know the facts that they will be asked during the course of a deposition, or they do not. Documents that they have never seen and otherwise do not possess cannot be even a remotely necessary predicate to them testifying about their personal factual understandings about what happened during a 35-day period in 2015.

8. Furthermore, VCLF's plan is not to examine any Black Diamond witness more than once. If there is some risk associated with document production versus the timing of VCLF taking these depositions, that risk falls on VCLF. Absent foul play by Black Diamond, VCLF will not get a second bite at the apple to depose these witnesses. Thus, any allegation by Black Diamond that the depositions should be postponed to avoid "duplication," must be scrutinized and rejected by the Court.

9. These and other arguments made by Black Diamond to put off fact depositions of their witnesses must be viewed for what they are—meritless efforts to stall and delay these proceedings.

### Certification

10. Pursuant to Rule 37 of the Federal Rules of Civil Procedure (as made applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure) and Local Bankruptcy Rule 7026-1(H), the undersigned certifies that it has in good faith conferred with Black Diamond's counsel in an effort to resolve this matter without Court action. On September 14, 2017, VCLF asked Black Diamond to confirm the deposition schedule set forth above, but Black Diamond failed to do so, despite its prior representations. On September 15, 2017, Black Diamond's

counsel affirmatively refused to proceed with the depositions unless directed to do so by the Court, as set forth above.

### Memorandum Requirement

11. Local Bankruptcy Rule 9013-1(G) requires a memorandum with every motion except those listed in subparagraph (2). The memorandum may be combined with the motion pursuant to subparagraph (1). VCLF exercises its right to combine the memorandum with this Motion.

### Conclusion

WHEREFORE, for the foregoing reasons, for the reasons that will be articulated at any hearing on this matter, and for such reasons as the Court deems appropriate, VCLF requests that the Court enter an order compelling Black Diamond witnesses to appear at the duly-noticed (and otherwise subpoenaed) depositions in this case.

Dated: September 19, 2017  
      McLean, Virginia

/s/ Patrick J. Potter  
Patrick J. Potter (VSB No. 39766)  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
1650 Tysons Boulevard, Suite 1400  
McLean, Virginia 22102-4856  
Telephone: (703) 770-7900  
Facsimile: (703) 770-7901  
E-mail: patrick.potter@pillsburylaw.com

William M. Sullivan, Jr. (admitted *pro hac vice*)  
PILLSBURY WINTHROP SHAW PITTMAN LLP  
1200 Seventeenth Street, NW  
Washington, DC 20036-3006  
Telephone: (202) 663-8027  
Facsimile: (202) 663-8007  
E-mail: wsullivan@pillsburylaw.com

Andrew M. Troop (admitted *pro hac vice*)  
Samuel S. Cavior (admitted *pro hac vice*)  
Joshua I. Schlenger (admitted *pro hac vice*)

        PILLSBURY WINTHROP SHAW PITTMAN LLP
        1540 Broadway
        New York, New York 10036-4039
        Telephone:  (212) 858-1000
        Facsimile:  (212) 858-1500
        E-mail:  andrew.troop@pillsburylaw.com

*Counsel to Virginia Conservation Legacy Fund,
Inc. and ERP Compliant Fuels, LLC*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 19, 2017, I filed the foregoing *Motion to Compel Depositions* by uploading it to this Court's CM/ECF system, which will send notification of such filing to all CM/ECF participants, and that I served a copy on opposing counsel of record in this adversary proceeding by e-mail and Federal Express overnight.

                                            */s/ Patrick J. Potter*
                                            Patrick J. Potter