Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  (804) 775-1178
Facsimile:  (804) 698-2186
Email:  dhayes@mcguirewoods.com
       jmaddock@mcguirewoods.com

- and -

C. William Phillips (admitted *pro hac vice*)
Micaela McMurrough (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Facsimile:  (212) 841-1010
Email:  cphillips@cov.com
       mmcmurrough@cov.com

*Counsel to Black Diamond Commercial
Finance, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT COAL CORPORATION, *et al.*, | Case No. 15-32450 (KLP) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 16-03105 (KLP) |
| BLACK DIAMOND COMMERCIAL FINANCE, LLC, | |
| Plaintiff, | |
| v. | |
| VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC, | |
| Defendants. | |

VIRGINIA CONSERVATION LEGACY FUND, INC.
and ERP COMPLIANT FUELS, LLC,

    Counterclaim-Plaintiffs,

    v.

BLACK DIAMOND COMMERCIAL FINANCE, LLC,

    Counterclaim-Defendant.

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
SANCTIONS

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...............................................................................................................4

I.  BLACK DIAMOND IS ENTITLED TO AUTOMATIC SANCTIONS
    UNDER FEDERAL RULE OF CIVIL PROCEDURE 37............................................4

    A.  Defendants Lacked Any Substantial Justification for Withholding the
        Documents They Produced in June 2017............................................................5

    B.  Defendants Lacked Any Substantial Justification for Withholding the
        Documents They Produced in August 2017. ......................................................8

        1.  Defendants' Improper Privilege Determinations Are Not
            Justified Because They Purportedly Disagree with Certain
            Privilege Calls by Black Diamond and Third-Party Schulte. .................8

        2.  Defendants' Privilege Calls Have No Basis in Law. .............................9

II.  BLACK DIAMOND IS ENTITLED TO SANCTIONS PURSUANT TO THE
     COURT'S INHERENT AUTHORITY. .......................................................................12

III. DEFENDANTS' ADDITIONAL ARGUMENTS AGAINST SANCTIONS
     ARE UNAVAILING. ................................................................................................12

    A.  Black Diamond Has Not Waived Its Claim for Sanctions..............................13

    B.  Black Diamond Has Demonstrated Reasonable Attorneys' Fees....................14

CONCLUSION............................................................................................................14

i

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of La./Kenwin Shops Inc.*,
    No. 97-md-01193-SRD, 1998 WL 213768 (E.D. La. Apr. 28, 1998) .............................. 13

*Bernstein v. Mafcote, Inc.*,
    43 F. Supp. 3d 109 (D. Conn. 2014) ................................................................................. 10

*Dunstan v. Wal-Mart Stores E., L.P.*,
    No. 3:07-CV-713-J-32TEM, 2008 WL 2025313 (M.D. Fla. May 9, 2008) ....................... 7

*In re Grand Jury Proceedings*,
    727 F.2d 1352 (4th Cir. 1984) ......................................................................................... 11

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
    No. 95 CIV. 2144 (JGK), 1996 WL 267969 (S.D.N.Y. May 21, 1996) ............................. 7

*Khan Air, LLC v. U.S. Aircraft Ins. Grp.*,
    No. C05-0420L, 2005 WL 6932795 (W.D. Wash. Oct. 25, 2005) ..................................... 7

*Kinetic Concepts, Inc. v. ConvaTec Inc.*,
    268 F.R.D. 226 (M.D.N.C. 2010) ...................................................................................... 7

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*,
    295 F.R.D. 28 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) .................. 10

*Lari v. Big Lots Stores, Inc.*,
    No. 2:10-CV-00523, 2011 WL 110660 (S.D. Ohio Jan. 13, 2011) .................................. 14

*Lynn v. Monarch Recovery Mgmt., Inc.*,
    285 F.R.D. 350 (D. Md. 2012) ........................................................................................... 7

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*,
    230 F.R.D. 398 (D. Md. 2005) ......................................................................................... 11

*Perius v. Abbot Labs.*,
    No. 07 C 1251, 2008 WL 3889942 (N.D. Ill. Aug. 20, 2008) .......................................... 11

*Philin Corp. v. Westhood, Inc.*,
    No. CIV 04-1228-HU, 2006 WL 3513655 (D. Or. Dec. 4, 2006) ..................................... 7

*Proa v. NRT Mid Atl., Inc.*,
    633 F. Supp. 2d 209 (D. Md. 2009), *aff'd*, 398 F. App'x 882 (4th Cir.
    2010) .................................................................................................................................. 4

*Sanders v. Allstate Indem. Co.*,
  No. CV 16-122-JJB-RLB, 2016 WL 3580702 (M.D. La. June 28, 2016),
  *reconsideration denied*, 2016 WL 3951383 (M.D. La. July 21, 2016) ..............................6

*Swimways Corp. v. Aqua-Leisure Indus., Inc.*,
  No. 2:16-CV-260, 2017 WL 3262135 (E.D. Va. July 31, 2017)......................................14

*United States v. Kovel*,
  296 F.2d 918 (2d Cir. 1961).............................................................................................5

**Other Authorities**

Fed. R. Bankr. P. 7037 ...........................................................................................................13

Fed. R. Civ. P. 37 ............................................................................................................*passim*

Paul R. Rice, Attorney-Client Privilege in the United States § 7.21
  (2016 ed.) ........................................................................................................................12

Plaintiff Black Diamond Commercial Finance, LLC ("Black Diamond"), by its attorneys McGuireWoods LLP and Covington & Burling LLP, respectfully submits this Reply Memorandum in Further Support of Plaintiff's Motion for Sanctions in connection with discovery abuses committed by Defendants Virginia Conservation Legacy Fund, Inc. and ERP Compliance Fuels, LLC (collectively, "Defendants").

PRELIMINARY STATEMENT

In its opening brief, Black Diamond argued that the Court should grant Black Diamond's motion for sanctions because

(1) the plain language of Federal Rule of Civil Procedure 37(a)(5)(A) requires an automatic award of fees based upon Defendants' belated production of documents in response to Black Diamond's motion to compel; and

(2) Defendants' repeatedly misrepresented the description and privileged nature of the documents they withheld to Black Diamond and to the Court, even after re-examining them.  The Court should exercise its inherent authority and enter an Order to require the production or further review of the remaining documents that Defendants have withheld as privileged.

Nothing in Defendants' opposition brief raises any serious challenge to these conclusions.  In fact, Defendants' brief confirms that an award of sanctions is the correct result.

Instead of defending their actions, Defendants devote the bulk of their arguments in opposition to baselessly attacking a third party whose privilege claims have never been challenged and who certainly has never had to defend a motion to compel the production of documents.  By contrast, Defendants have now negotiated and litigated such a motion for many months (to the tune of thousands of dollars and hundreds of hours of attorney time), only to dole out improperly withheld documents piecemeal when backed into a corner, all the while insisting that its privilege calls were 100% legitimate.  Tellingly, Defendants spend

*more than nine pages* of their opposition discussing third-party Schulte Roth and Zabel's ("Schulte's") production and privilege log, which they have never before challenged.  In contrast, Defendants spend *only two paragraphs* addressing their own June 2017 production, in which they *admitted that they had improperly withheld documents.*  (*See* Dkt. No. 104.)

In fact, Defendants make no attempt to defend their initial decision to withhold these documents and gloss over their own admission that the documents "do not meet the relevant privilege standard."  Under a straightforward application of Rule 37(a)(5)(A), the Court is required to impose sanctions on the basis of that June 2017 production alone.

Defendants' opposition also does nothing to refute the fact that *there is simply no legitimate basis for a claim of privilege* for virtually all of the 75 documents they produced in August 2017.  These documents are either wholly non-privileged or riddled with clearly non-privileged material that was improperly redacted,

If this admission had been made 10 months ago, or as part of the meet and confer process, Defendants could have simply admitted their mistake, produced the document, and moved on.  Instead, Defendants' counsel—given repeated opportunities to re-examine the specific documents in question and retract their unsustainable privilege calls—doubled down each time, and repeated their misrepresentations that every document on their privilege log had been individually reviewed and was privileged.  Even worse, when Black Diamond questioned Defendants' privilege call with respect to this specific document, Defendants did

not simply produce the document in question, but offered a new, *erroneous* description of

that document's content and nature, and continued to withhold it.

Regarding other documents, Defendants tie themselves in knots trying to describe

them as privileged.  For example:

- ████████████████████████████████████
  ████████████████████████████████████
  ██████████████████████████████████
  ████████████

This document was withheld and described on Defendants' privilege log as ██████████

████████████████████████████████████████

██████████████████████████████████

- Or the following email exchange:

  ██████████████████████████████

  ████████████████████████████████████
  ██████████████████████████

██████████████████████ Defendants withheld the document as privileged,

however, and described the document in their opposition papers as an email about

████████████████████████████████████

████████████████████████████████████

██████████████████████

Defendants make other (equally non-compelling) categorical arguments.  For

example, Defendants defend certain privilege calls by arguing that even "mundane" things

can be withheld as privileged.  While that may be so, those mundane things must still be *legal*

to be privileged.  It is well-settled that *facts are not privileged*.

In any event, the opposition brief submitted by Defendants does nothing to explain

why Black Diamond was forced to file a motion to compel and litigate for months and

months in order to get access to non-privileged, improperly withheld documents to which it is

entitled under the law.  Defendants did not attempt to explain why the Court was forced to

appoint, and the parties pay for, an examiner to inspect documents that Defendants

misrepresented in their privilege log descriptions and improperly withheld.

Who knows how many more misrepresentations are contained in the thousands of

alleged privilege entries on Defendants' privilege logs?  So far, the rate at which documents

were improperly described and withheld approaches 100%.

Awarding fees is proper in those circumstances.  Furthermore, the process by which

the parties *attempted* to resolve the motion (the stipulation), is ultimately the process that

revealed Defendants' misconduct in that it showed that Defendants' privilege log

descriptions, and especially their "enhanced" descriptions of non-privileged documents, were

completely misleading.  Under these facts, the Court should grant the sanctions motion, and

award reasonable attorneys' fees, further review of documents on Defendants' log, and any

other relief that it deems appropriate under the circumstances.

## ARGUMENT

I.     BLACK DIAMOND IS ENTITLED TO AUTOMATIC SANCTIONS UNDER
       FEDERAL RULE OF CIVIL PROCEDURE 37.

Under the unambiguous text of Federal Rule of Civil Procedure 37(a)(5)(A), sanctions

are required whenever a party produces documents only after a motion to compel their

production has been filed.  In particular, pursuant to the Rule, sanctions *must be imposed*

unless Defendants can prove that:  (i) Black Diamond filed the motion before attempting in

good faith to obtain the disclosure without court action; (ii) Defendants' non-disclosure,

response, or objection was substantially justified; or (iii) other circumstances make an award

of expenses unjust.  *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 212–13 (D. Md. 2009),

*aff'd*, 398 F. App'x 882 (4th Cir. 2010).

Defendants cannot possibly argue that Black Diamond did not try to obtain the documents without filing a motion, so they do not, and instead try to avoid sanctions on the latter two grounds: (i) that Rule 37(a)(5)(A) is inapplicable to Defendants' June 2017 production because Defendants did not completely abandon their objections to Black Diamond's motion to compel; and (ii) Defendants were somehow "substantially justified" in withholding the 75 documents they produced in August 2017. Neither argument has any merit.

> A. *Defendants Lacked Any Substantial Justification for Withholding the Documents They Produced in June 2017.*

To be clear, Defendants make no attempt to defend their privilege determinations regarding the 527 documents they produced in June 2017—*after* Black Diamond's motion to compel was fully briefed and argued—nor could they if they tried. To the contrary, at the time that Defendants produced these documents, which constituted one third of the total number of Teneo documents that Black Diamond sought to obtain pursuant to its motion, Defendants *conceded* that the documents in question "do not meet the relevant privilege standard under *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), and subsequent cases." (Dkt. No. 104.) Because these documents were produced only after Black Diamond filed its motion to compel—*and Defendants make no attempt to justify their conduct*—there should be no question that Black Diamond is entitled to automatic sanctions.

Defendants nonetheless attempt to avoid this reality by arguing that Rule 37(a)(5)(A) has no application to this case. In particular, Defendants argue that Rule 37 is limited to situations in which a non-movant completely abandons its objection to a motion to compel and produces exactly the documents requested by its adversary.

Defendants' position has no basis in law or logic.

*First*, Defendants' restrictive interpretation finds no support in the Rule's text or the advisory committee notes. *See* Fed. R. Civ. P. 37, Advisory Committee Notes, 1993

Amendments (revising the Rule "to cover the situation where information that should have been produced without a motion to compel is produced after the motion is filed but before it is brought on for hearing").  To the contrary, Rule 37(a)(5)(A) is plainly not limited to the situation in which a non-movant *completely abandons* its litigation position and produces documents subject to a motion to compel.

*Second*, Defendants' contorted interpretation makes no sense in view of Rule 37's stated purpose, which is to punish parties who have committed discovery abuses.  *See* Fed. R. Civ. P. 37, Advisory Committee Notes, 1970 Amendment.  Indeed, the illogic of Defendants' position is evident by the fact that, under Defendants' rule, a party facing a motion to compel could avoid the risk of Rule 37 sanctions by producing some—but not all—of the documents sought to be compelled, regardless of whether the party had any justification to withhold any of the documents in the first place.  Permitting litigants to evade sanctions by simply limiting their production to some subset of the documents sought by a motion to compel would incentivize gamesmanship and severely undermine Rule 37's deterrent effect.  *See* Fed. R. Civ. P. 37, Advisory Committee Notes, 1970 Amendment ("[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists.  And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.").

*Third*, Defendants' restrictive interpretation has no basis in the relevant case law.  To the contrary, and consistent with the Rule's purpose, courts routinely impose sanctions when one party makes a disclosure in response to a motion to compel without regard to whether that disclosure completely disposes of that motion.  *See, e.g., Sanders v. Allstate Indem. Co.*, No. CV 16-122-JJB-RLB, 2016 WL 3580702, at *1 (M.D. La. June 28, 2016) (imposing sanctions under Rule 37 after disclosure in response to a motion to compel without making

any "specific finding regarding the sufficiency" of those disclosures), *reconsideration denied*,

2016 WL 3951383 (M.D. La. July 21, 2016); *Dunstan v. Wal-Mart Stores E., L.P.*, No. 3:07-

CV-713-J-32TEM, 2008 WL 2025313, at *1-2 (M.D. Fla. May 9, 2008) (ordering party to

show cause why the court should not impose sanctions when the party supplemented their

disclosures in response to a motion to compel but their supplemented disclosures were still

not sufficient); *Philin Corp. v. Westhood, Inc.*, No. CIV 04-1228-HU, 2006 WL 3513655, at

*3 (D. Or. Dec. 4, 2006) ("[The] motion [to compel] was the catalyst for the production of

documents and complete responses to other outstanding discovery requests.  The fact that

plaintiff provided the bulk of the documents and responses before the hearing is irrelevant to

defendant's necessity in filing the motion."); *Khan Air, LLC v. U.S. Aircraft Ins. Grp.*, No.

C05-0420L, 2005 WL 6932795, at *3 (W.D. Wash. Oct. 25, 2005) (awarding attorneys' fees

where "defendants eventually supplemented all but one of their responses …. after plaintiff

had filed [a] motion to compel"); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, No.

95 CIV. 2144 (JGK), 1996 WL 267969, at *2 (S.D.N.Y. May 21, 1996) ("[T]he making of

the motion [to compel] resulted in the numerous and significant admissions that should have

been forthcoming from defendants at the outset.").[1]  In other words, if the production of non-

---

[1]      Defendants cite to two cases, *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D.
226, 254 n.43 (M.D.N.C. 2010), and *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350,
365-68 (D. Md. 2012), in support of their view that the nonmovant must "abandon" its prior
objections and produce "exactly" what was sought in order for fees to be granted under Rule
37(a)(5)(A).  Defendants' citations to these cases are perplexing, however, as both endorse
awards of sanctions under Rule 37(a)(5)(A), and neither makes the distinctions for which
Defendants claim the cases purportedly stand.  *See Kinetic Concepts*, 268 F.R.D. at 254 n.43
(citing Rule 37(a)(5) and noting that "because Plaintiffs produced requested documents after
[Defendants] moved to compel, the Court will consider ordering [in a separate order]
Plaintiffs to pay the reasonable expenses [Defendants] incurred in making this motion");
*Lynn*, 285 F.R.D. at 365-68 (granting sanctions and fees under Rule 37(a)(5)(A) with respect
to three discovery requests when Defendants supplemented prior responses only after the
filing of a motion to compel).  In Black Diamond's view, these cases support Black
Diamond's position.

privileged documents follows the filing of a motion to compel, sanctions are mandatory

unless one of the three (extraordinary) exceptions applies.  Not one applies here.

In sum, Defendants' arguments simply cannot avoid the reality that Defendants

*produced* hundreds of documents specifically sought by Black Diamond's motion to compel,

and *conceded* that those documents "[did] not meet the relevant privilege standard."  (Dkt.

No. 104.)  On this basis alone, Black Diamond is entitled to sanctions under Rule

37(a)(5)(A).

> **B.**   *Defendants Lacked Any Substantial Justification for Withholding the*
> *Documents They Produced in August 2017.*

Defendants next attempt to argue that their privilege determinations with respect to

the 75 documents that they produced in August 2017 were "substantially justified."  This

argument fails for a host of reasons.

> 1.   Defendants' Improper Privilege Determinations Are Not Justified
> Because They Purportedly Disagree with Certain Privilege Calls by
> Black Diamond and Third-Party Schulte.

Defendants first attempt to justify their improper privilege calls for documents

produced in August 2017 by comparing them to certain privilege determinations made by

Black Diamond's transaction counsel, Schulte.  Not only are these attacks baseless, but this

approach has no relevance to resolving Black Diamond's motion for sanctions.  Among other

reasons, Defendants have never challenged these privilege calls, let alone brought a full-

blown motion to compel.  Neither Schulte nor Black Diamond has ever been called upon to

re-examine privilege calls and then doubled down—to the other side and to the Court—that

every single call was correct.  If Defendants were unsatisfied with Schulte's or Black

Diamond's privilege logs, they were free to challenge them, including by seeking to resolve

the issues through the meet-and-confer process or by pursuing their own motion to compel.[2]

They did neither.

Furthermore, it bears repeating that Black Diamond is not requesting Rule 37

sanctions *solely* on the basis that Defendants made some improper privilege determinations in

their initial production.  Rather, Black Diamond is requesting sanctions for: (i) Defendants'

repeated misrepresentations to Black Diamond and the Court that all the documents on their

privilege log had been personally reviewed and verified as privileged, even after they were

initially challenged, (ii) the fact that Defendants made supplemental productions of non-

privileged material after, and contrary to, those statements, and (iii) for *re-describing* scores

of documents as privileged, even when Defendants *knew* that the materials being re-described

were not privileged.

In other words, Black Diamond's motion for sanctions is not based on inadvertent

mistakes that may have occurred during Defendants' initial production.  Rather, Black

Diamond asks the Court to sanction Defendants' duplicitous and repeated conduct in refusing

to produce non-privileged documents, time and again, and misrepresenting the content and

nature of those documents on multiple occasions.

2.    <u>Defendants' Privilege Calls Have No Basis in Law</u>.

Defendants next contend that their privilege calls are justified with respect to the 75

documents they produced in August 2017 because their privilege determinations are rooted in

the law of attorney-client privilege.  Of course, this assertion is obviously absurd with respect

---

[2]    Defendants seem to suggest that they did not formally challenge Covington and Schulte's respective privilege logs in the interest of expeditiously adjudicating the merits of this case.  Defendants' disingenuous attempts to paint Black Diamond as an obstructionist manufacturing disputes to prolong this litigation are not grounded in reality.  Black Diamond filed its motion to compel only after it attempted to negotiate an informal solution and filed its motion for sanctions only after it learned that Defendants' privilege log and privilege determinations were not made in good faith.  In fact, any delay to this litigation has been caused by Defendants' repeated and unjustified refusal to hand over discoverable documents, which were requested in August 2016, not by Black Diamond's conduct.

to *all* of the 75 documents in question because Defendants ███████████████

█████████████████████████████████████████████████████████████████

█████████████     In any event, Defendants' arguments about the accuracy of their

privilege calls fail for a number of reasons.

         *a)*        *Defendants Improperly Withheld Non-Privileged* ████████
████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████  This argument, however, is completely meritless.

    *First*, as Black Diamond explained in its opening brief, ███████████████
████████

███████████████████████████████████████  *See, e.g.*, *Koumoulis v. Indep.*

*Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 46 (E.D.N.Y. 2013) ("Communications about

scheduling are not privileged."), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014); *Bernstein v.*

*Mafcote, Inc.*, 43 F. Supp. 3d 109, 117 (D. Conn. 2014) (finding an Outlook calendar entry

regarding a conference call with counsel not privileged).  These are precisely the type of

communications that Defendants withheld and are now trying to defend.

    *Second*, Defendants have introduced no evidence whatsoever to suggest that ████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

████████████████████, the word choice does not convey any legal advice on the part

of Mr. Potter. ████████████ certainly do not amount to the "interpretation and

application of legal principles to specific facts" or the provision of "services that

[Mr. Potter's] education and certification to practice qualify him to render for compensation"

required of legal advice. *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown*

*Tr. No. 1B*, 230 F.R.D. 398, 412 (D. Md. 2005) (quotation marks and citation omitted).  To

the contrary, ████████████ plainly does not convey legal advice.

> b)  *Defendants Improperly Withheld Emails That Do Not Reflect or Request Legal Advice.*

Defendants next attempt to justify the numerous emails that they withheld as

privileged, but their arguments regarding these documents are meritless.

To be clear, privilege in the Fourth Circuit is a narrowly defined concept, which is

"strictly confined within the narrowest possible limits consistent with the logic of its

principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984).  For a

document to be considered privileged, the document must concern legal advice, and the legal

advice must "*predominate*." *Neuberger*, 230 F.R.D. at 411 (emphasis added).  The

documents withheld by Defendants, however, plainly do not fit this definition.

For example, as Black Diamond noted in its opening brief, Defendants have withheld

numerous documents ████████████████████████████████

████████████████████████ (*See* Ex. N, at tabs 39-47.)  To the

contrary, courts are clear that "[t]he attorney-client privilege does not protect business

advice." *Perius v. Abbot Labs.*, No. 07 C 1251, 2008 WL 3889942, at *7 (N.D. Ill. Aug. 20,

2008).  Defendants have also withheld numerous documents that they described as

"ministerial" communications, which they define as documents concerning "mundane" topics

incidental to the practice of law.  Contrary to Defendants' assertion, however,

"[c]ommunications concerning nonlegal services that are unrelated or only incidental to the type of expertise believed essential to render 'legal advice' receive no protection from the privilege."  Paul R. Rice, Attorney-Client Privilege in the United States § 7.21 (2016 ed.) (collecting cases).

In sum, Defendants have not set forth any rule of law that "substantially justifies" their decision to withhold the 75 documents they produced in August 2017.  This, along with Defendants' production of more than 500 documents in June 2017—which Defendants concede were improperly withheld—entitles Black Diamond to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A).

II.     BLACK DIAMOND IS ENTITLED TO SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY.

For the reasons explained above and in its opening brief, Black Diamond should also be awarded sanctions pursuant to the Court's inherent authority.  Indeed, additional sanctions are merited because not only did Defendants withhold plainly non-privileged documents without substantial justification, but when asked to provide enhanced justifications for their privilege assertions, Defendants *again misrepresented* the content and nature of the documents listed on their privilege log so as to avoid producing those documents to Black Diamond.

The Court should not tolerate this conduct.  Black Diamond respectfully refers the Court to its opening brief for a full explanation as to why additional sanctions are appropriate.

III.    DEFENDANTS' ADDITIONAL ARGUMENTS AGAINST SANCTIONS ARE UNAVAILING.

Defendants make two additional arguments in support of their arguments that sanctions are inappropriate.  Neither of these arguments has any merit.

-12-

A.    *Black Diamond Has Not Waived Its Claim for Sanctions.*

First, contrary to Defendants' assertion, Black Diamond has not "waived" its claim

for sanctions by entering into a stipulation with Defendants prior to Defendants' August 2017

production.  To the contrary, the parties' stipulation has no bearing on Black Diamond's right

to seek sanctions based on Defendants' June 2017 production, pursuant to which Defendant's

produced more than 500 documents that they conceded were not privileged.  No stipulation

existed as of June 2017, and indeed, in a letter to the Court following Defendants' June

production, Black Diamond specifically "reserve[d] all rights with respect to Defendants'

supplemental productions including the right to seek fees pursuant to Federal Rule of Civil

Procedure 37(a)(5)(A) (made applicable here by Federal Rule of Bankruptcy Procedure

7037)."  (Ltr. From M. McMurrough to Court, dated July 5, 2017, at 4 n.3 (Dkt. No. 105).)

Second, the parties' stipulation does not bar Black Diamond from pursuing sanctions

related to Defendants' August 2017 production.  Black Diamond negotiated the stipulation on

the assumption that Defendants would work with Black Diamond in good faith to resolve the

parties' disagreements concerning Defendants' privilege calls, including by specifically

agreeing to provide Black Diamond with *accurate*, enhanced descriptions of certain of the

documents on Defendants' privilege log.

Defendants did not abide by this agreement and instead, provided Black Diamond

with *inaccurate, misleading* descriptions that mischaracterized the documents that

Defendants had withheld.  Because Defendants did not accurately characterize the documents

listed on their privilege log, Black Diamond could not possibly identify a subset of those

documents for Defendants and the Examiner to re-review in any educated fashion.  Black

Diamond cannot be held to the terms of a stipulation that Defendants themselves breached by

providing grossly erroneous and misleading document descriptions.  *See In re Bank of*

*La./Kenwin Shops Inc.*, No. 97-md-01193-SRD, 1998 WL 213768, at *4 (E.D. La. Apr. 28,

1998) (invoking the court's inherent power to impose sanctions based on the "possibility that

the negotiations were not in good faith and that certain material misrepresentations were

made" in connection with a stipulation in which the court was "lulled … into accepting what

was to be a meaningless stipulation").

B.      *Black Diamond Has Demonstrated Reasonable Attorneys' Fees*

Defendants are also incorrect that Black Diamond has failed to demonstrate that the

attorneys' fees requested in its motion are reasonable.  To the contrary, in connection with its

opening brief, Black Diamond submitted a declaration listing: (1) the dates that its counsel

worked on the motion to compel; (2) a reasonable, specific description of the work

performed; and (3) the time expended on such efforts.  (*See* Dkt. No. 148, ¶ 28.)  Defendants

have not submitted any evidence to suggest that Black Diamond's fees were unreasonable,

nor have Defendants identified a fee award that would be more appropriate.  *See Swimways

Corp. v. Aqua-Leisure Indus., Inc.*, No. 2:16-CV-260, 2017 WL 3262135, at *5 (E.D. Va.

July 31, 2017) ("Defendant's vague contentions that Plaintiff's counsel's fees are 'quite high'

for [the relevant community] are likewise not supported by any declarations or other

evidence.").

Regardless, in the event that the Court grants Black Diamond's request for sanctions

and believes that further evidence would aid its consideration of the reasonableness of Black

Diamond's fees, Black Diamond and its counsel stand ready and willing to support their

claim with itemized materials.  *See, e.g.*, *Lari v. Big Lots Stores, Inc.*, No. 2:10-CV-00523,

2011 WL 110660, at *2 (S.D. Ohio Jan. 13, 2011) (ordering party to submit itemized billing

statements after granting request for attorneys' fees under Rule 37(a)(5)(A)).

CONCLUSION

For the reasons set forth above, Black Diamond respectfully requests that the Court

grant the relief requested in its motion for sanctions.

Dated:  October 6, 2017
Richmond, Virginia

Respectfully submitted,

By : */s/ John H. Maddock III*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  (804) 775-1178
Facsimile:  (804) 698-2186
Email:  dhayes@mcguirewoods.com
         jmaddock@mcguirewoods.com

C. William Phillips (admitted *pro hac vice*)
Micaela McMurrough (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Facsimile:  (212) 841-1010
Email:  cphillips@cov.com
         mmcmurrough@cov.com

*Counsel to Black Diamond Commercial
Finance, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2017, I filed the foregoing document through CM/ECF, which will send a notice of such filing to all CM/ECF participants, and that I served by email a copy on the following counsel of record in this adversary proceeding:

wsullivan@pillsburylaw.com
joshua.schlenger@ pillsburylaw.com
patrick.potter@pillsburylaw.com
andrew.troop@pillsburylaw.com
andrew.lauria@pillsburylaw.com

*/s/John H. Maddock, III*
John H. Maddock, III