Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1178
Facsimile: (804) 698-2186
Email: dhayes@mcguirewoods.com
       jmaddock@mcguirewoods.com

- and -

C. William Phillips (admitted *pro hac vice*)
Jonathan M. Sperling (admitted *pro hac vice*)
Micaela McMurrough (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
Email: cphillips@cov.com
       jsperling@cov.com
       mmcmurrough@cov.com

*Counsel to Black Diamond Commercial Finance, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>PATRIOT COAL CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-32450 (KLP)<br><br>Jointly Administered<br><br>Adv. Proc. No. 16-03105 (KLP) |
| BLACK DIAMOND COMMERCIAL FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC, | |

| |
|---|
| Defendants. |
| |
| VIRGINIA CONSERVATION LEGACY FUND, INC. and ERP COMPLIANT FUELS, LLC, |
| Counterclaim-Plaintiffs, |
| v. |
| BLACK DIAMOND COMMERCIAL FINANCE, LLC, |
| Counterclaim-Defendant. |

## MEMORANDUM OF LAW IN SUPPORT OF BLACK DIAMOND'S MOTION TO STRIKE

**PRELIMINARY STATEMENT**

This motion concerns Defendants' untimely disclosure of a "fact rebuttal witness" one week ago, long after fact discovery was closed. Black Diamond immediately sought discovery from the witness, while reserving rights to oppose his testimony because of untimeliness and irrelevancy. Those efforts have been rebuffed, and Black Diamond now brings this motion to preclude the testimony.

At 5:06 p.m. on Friday, May 11, 2018 — nearly a month after the end of fact discovery — Defendants sent Black Diamond an email stating that Defendants planned to call Daniel Spragg, of Alvarez & Marsal ("A&M"), as a "fact rebuttal witness" at trial. Defendants assert that Mr. Spragg has knowledge of a 2017 settlement agreement between the Patriot Liquidating Trust ("Patriot") and the Commonwealth of Kentucky, which purportedly concerns the assets that the Commitment Letter at issue in this case required Defendants to deliver to Black Diamond two years earlier, in October 2015. Black Diamond has offered unrebutted expert testimony about the value of this asset at the time of the breach in 2015. Defendants did not disclose any expert witness, yet claim that Mr. Spragg, a *fact* witness, will rebut Black Diamond's expert testimony by testifying about events that occurred years later. Fact discovery closed a nearly month before Defendants' identification of this new witness.

As a precaution, despite the untimeliness of Defendants' disclosure of Mr. Spragg as a witness (and the irrelevance of his testimony about events that occurred two years after Defendants' breach), that same evening Black Diamond served a deposition subpoena on Mr. Spragg and a subpoena *duces tecum* on his employer, A&M by sending these to counsel the same evening, May 11. Given the fast-approaching trial date, Black Diamond requested that A&M produce documents within a week, by May 18, 2018, and that Mr. Spragg sit for a deposition on May 24, 2018.

3

In response to Black Diamond's subpoenas, A&M advised that it could complete its production no earlier than May 29, 2018 — days before trial — and that Mr. Spragg could sit for a deposition no later than May 30, 2018, the very next day. This proposal would require Black Diamond to depose Mr. Spragg less than 24 hours after receiving documents from A&M.

Put simply, Mr. Spragg's disclosure as a fact witness is untimely and prejudicial, and his testimony should therefore be excluded. Defendants never listed Mr. Spragg on their initial disclosures, and never identified him as a fact witness until nearly a month after the close of fact discovery and nearly a month after receiving the expert report that they claim Mr. Spragg will rebut. There can be no justification for Defendants' untimely disclosure.

A&M's insistence that it will complete any document production less than 24 hours before any deposition of Mr. Spragg only exacerbates the prejudice of the late disclosure of Mr. Spragg: Black Diamond would be required not only to occupy itself with discovery rather than trial preparation, but would be deprived of a reasonable opportunity for such discovery. Black Diamond cannot be expected to review hundreds, if not thousands, of pages of documents, produced less than a day before Mr. Spragg's deposition. Moreover, A&M's position should be evaluated in light of the fact that Mr. Spragg intends to appear at trial <u>voluntarily</u>, despite being outside the Court's subpoena power, making it clear that A&M is working in cooperation with and will testify on behalf of Defendants. Accordingly, Black Diamond respectfully requests that Mr. Spragg be precluded from testifying at trial.

## BACKGROUND

Under the parties' Sixth Amended Joint Scheduling Order, fact discovery in this case ended on April 13, 2018. (Dkt. No. 249, ¶ 1.) The parties thereafter commenced with expert discovery, and Black Diamond served its expert report as required on April 17, 2018. Defendants did not serve an expert report.

As Mr. Briscoe explained in both his expert report and his deposition on May 10, 2018, Defendants' breach of contract damaged Black Diamond by depriving it of a valuable asset — namely, an equity interest in Patriot's workers' compensation program. According to Mr. Briscoe, not only did the value of the program's assets exceed the value of its liabilities as of the date of Defendants' breach (*i.e.*, the time at which damages are measured under New York law), but the program's excess collateral could be realized by Black Diamond through a variety of monetization strategies.

After 5:00 p.m. on May 11, 2018, Defendants' counsel emailed Black Diamond and stated that in light of Mr. Briscoe's anticipated expert testimony, they "intend to call Daniel Spragg, of Alvarez & Marsal North America, LLC, as a fact rebuttal witness at trial." According to counsel's email, Mr. Spragg's testimony would concern "the process leading to the approval" of a settlement agreement between Patriot and Kentucky, pursuant to which Patriot agreed to sell its interest in some of the collateral associated with its workers' compensation program. Mr. Spragg was never identified on Defendants' initial disclosures, nor was he mentioned in any fact witness's deposition or in Mr. Briscoe's expert report.

While Defendants' disclosure of Mr. Spragg as a fact witness was untimely, as a precaution — and while reserving all rights — Black Diamond served a deposition subpoena on Mr. Spragg and a subpoena *duces tecum* on A&M a few hours later that same evening of May 11, 2018. Pursuant to its subpoenas, Black Diamond sought documents related to the Kentucky adversary proceeding mentioned in Defendants' email as well as the collateral that Patriot allegedly sold. Given the fast-approaching trial date, Black Diamond asked that documents be produced by May 18, 2018, and that Mr. Spragg sit for a deposition on May 24, 2018.

On May 14, 2018, counsel for Black Diamond and A&M engaged in a meet-and-confer, pursuant to which Black Diamond agreed to narrow its requests. On May 16, 2018,

5

counsel for A&M informed Black Diamond that, notwithstanding its agreement to narrow its requests, and subject to his client's approval, A&M would produce documents to Black Diamond on May 29, 2018, and that Mr. Spragg would sit for a deposition on May 30, 2018. When Black Diamond advised that this schedule would almost certainly be unworkable, A&M's counsel advised that A&M could not produce documents before May 29, and that Mr. Spragg could not sit for a deposition later than May 30.

On May 17, 2018, counsel for Black Diamond and A&M spoke again. On the call, Black Diamond's counsel stated that his client could not accept an arrangement whereby it would receive documents merely hours before a deposition. Counsel for A&M subsequently suggested that A&M could produce half of the responsive documents on May 25, 2018, and the other half at 4:00 p.m. on May 29, 2018. Again, A&M would be producing a substantial number of documents merely hours before Mr. Spragg's deposition.

## ARGUMENT

### MR. SPRAGG SHOULD BE PROHIBITED FROM TESTIFYING AT TRIAL.

Defendants' disclosure of Mr. Spragg as a "rebuttal fact witness" is plainly untimely.

It is black-letter law that "a party must provide to its opponent, without awaiting a discovery request, the name of each individual likely to have discoverable information that the disclosing party may use to support its claims." Fed. R. Civ. P. 26(a)(1)(A)(i). These initial disclosures must be made within fourteen days of the parties' first discovery planning conference, and a party must thereafter supplement these disclosures "*in a timely manner*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

"If a party fails to identify a person as required by Rules 26(a) or 26(e), that party is not permitted to call that person as a witness at trial unless such failure was substantially justified or harmless." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 478 (W.D. Va. 2010). This exclusionary rule is designed to prevent "surprise and prejudice to the

6

opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Accordingly, courts routinely bar fact witnesses from testifying when they are disclosed only shortly before trial. *See, e.g.*, *Quesenberry*, 267 F.R.D. at 480 (prohibiting witnesses from testifying where plaintiffs disclosed them 28 days before trial and four months after fact discovery); *LG Electronics v. Whirlpool Corp.*, 2010 WL 9506787, at *1-2 (N.D. Ill. 2010) (prohibiting witnesses from testifying when were witnesses were disclosed on the last day of discovery and approximately one month prior to trial).

Here, Black Diamond is plainly prejudiced by Mr. Spragg's untimely disclosure. Two years of fact discovery ended more than a month ago, and Black Diamond does not have an opportunity develop facts rebutting Mr. Spragg's testimony. Indeed, based on the representations in Defendants' May 11 email, Mr. Spragg will be testifying about events that transpired in a *separate* adversary proceeding, which was filed *more than a year* after the events giving rise to this case. Mr. Spragg's testimony goes well beyond the scope of this proceeding.

Defendants cannot argue that the untimeliness of Mr. Spragg's disclosure is justified by Mr. Briscoe's expert testimony. Black Diamond served its expert report on April 17, 2018 — nearly a month before Defendants disclosed Mr. Spragg as a witness. More importantly, Mr. Briscoe testified at his deposition that the adversary proceeding in which Mr. Spragg participated — *i.e.*, the asserted subject matter of Mr. Spragg's testimony — is irrelevant to the issues on which Mr. Briscoe has offered an opinion. (Briscoe Dep. Tr. 282:13-22.) Mr. Briscoe's testimony did not implicate Mrs. Spragg in any way, and thus, Mr. Spragg should be precluded from testifying.

As noted, A&M's unwillingness to produce documents relevant to Mr. Spragg's purported testimony even a full day before any deposition of Mr. Spragg only exacerbates the prejudice to Black Diamond of the late disclosure: Black Diamond would be required not

7

only to occupy itself with discovery rather than trial preparation, but would be deprived of a reasonable opportunity for such discovery.

Finally, it is worth emphasizing that Mr. Spragg lives *outside* the subpoena power of the Court and is appearing voluntarily to testify at the behest of Defendants, with his employer's obvious consent. While not necessary to the analysis, this fact gives rise to a strong inference that A&M, which is depriving Black Diamond of any reasonable opportunity to take discovery regarding Mr. Spragg's anticipated testimony, is working in cooperation with Defendants.

## CONCLUSION

For all of these reasons, Black Diamond's motion should be granted.

Dated:  May 18, 2018
Richmond, Virginia

Respectfully submitted,

By : */s/ John H. Maddock III*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone:  (804) 775-1178
Facsimile:  (804) 698-2186
Email:  dhayes@mcguirewoods.com
            jmaddock@mcguirewoods.com

C. William Phillips (admitted *pro hac vice*)
Jonathan M. Sperling (admitted *pro hac vice*)
Micaela McMurrough (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Facsimile:  (212) 841-1010
Email:  cphillips@cov.com
            mmcmurrough@cov.com

*Counsel to Black Diamond Commercial Finance, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 18, 2018, I filed the foregoing document through CM/ECF, which will send a notice of such filing to all CM/ECF participants, and that I served by email a copy on the following counsel of record in this adversary proceeding:

    wsullivan@pillsburylaw.com
    joshua.schlenger@ pillsburylaw.com
    patrick.potter@pillsburylaw.com
    andrew.troop@pillsburylaw.com
    andrew.lauria@pillsburylaw.com

    I hereby certify that on May 18, 2018, I served the foregoing document via email and first-class mail:

    hlong@huntonak.com
    tpbrown@huntonak.com

    */s/John H. Maddock, III*
    John H. Maddock, III